**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**_MACON DIVISION**

| | | |
|---|---|---|
| **RALFEAL WHITE,** | : | |
| **Plaintiff,** | : | |
| **V.** | : | **NO. 5:26-cv-00022-MTT-AGH** |
| **COMMISSIONER TIMOTHY OLIVER, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

Plaintiff Ralfeal White, a prisoner in Wilcox State Prison in Abbeville, Georgia, filed a 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP").[1] ECF Nos. 1 & 2. On initial review, the United States Magistrate Judge granted Plaintiff's motion to proceed IFP but found that Plaintiff's complaint did not state a claim on which relief could be granted. ECF No. 6 at 1, 6-8. Therefore, the Magistrate Judge ordered Plaintiff to file a recast complaint if he wanted to proceed with this action. *Id.* at 8-9. Plaintiff was given fourteen days to file his recast complaint and was cautioned that his failure to do so may result in the dismissal of this case. *Id.* at 10.

The time for compliance passed, and Plaintiff did not file a recast complaint or otherwise respond to the Magistrate Judge's order. Accordingly, he was ordered to show

[1] After he filed the complaint, Plaintiff was transferred to Coastal State Prison, where he is currently still being housed. ECF Nos. 11-1 & 11-2. The clerk is **DIRECTED** to update Plaintiff's address on the docket accordingly.

cause why this case should not be dismissed for failure to comply with the order to recast his complaint. ECF No. 8. Plaintiff was given another fourteen days to respond and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.*

More than fourteen days passed after that order was entered, and Plaintiff again did not respond to that order or otherwise communicate with the Court. As a result, this Court dismissed Plaintiff's case without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

Plaintiff has now filed a "Recast and Amended Complaint." ECF No. 11. Plaintiff acknowledges that this filing is untimely, but he asserts that his receipt of his legal mail has been delayed by weeks and that he has been refused paper, pen, and envelopes. ECF Nos. 11 & 11-1. Giving Plaintiff the benefit of the doubt, the Court construes this motion as a Fed. R. Civ. P. 60(b)(1) motion for relief from the judgment based on excusable neglect, **GRANTS** the motion, **VACATES** the August 13, 2026, order of dismissal, and **REOPENS** this case for the purpose of considering Plaintiff's amended complaint.

However, as set forth below, Plaintiff's amended complaint does not state a claim for relief. Therefore, the amended complaint is now **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations[2]

In the recast complaint, Plaintiff asserts that he was "assaulted and hospitalized" on June 16, 2026, while he was an inmate at Wilcox State Prison. ECF No. 11 at 1. In the hospital, Plaintiff had surgery, after which he was sent to Coastal State Prison on June 22, 2026. *Id.* In Coastal State Prison, Plaintiff was initially held in the infirmary where he says that he "was treated very unkindly and was unable to take showers." *Id*.

Plaintiff asserts that, after he submitted grievances, he was sent to administrative segregation on July 4, 2026. *Id.* According to Plaintiff, the members of the staff and administration are "very out of control." *Id.* at 1-2. Plaintiff contends that his legal mail has been held for weeks and that he has been "refused paper, pen, and envelopes." *Id.* Plaintiff seeks to add Wardens Michael Thomas and Jimmy Kellem from Wilcox State Prison and Wardens Karen Finch and David Stokes from Coastal State Prison as defendants to this action. *Id.* at 1-2.

III. Plaintiff's Claims

As with Plaintiff's original complaint, his allegations here do not state a claim for relief. As an initial matter, Plaintiff names four new defendants, but he does not allege

[2]The order to recast informed Plaintiff that the recast complaint would take the place of his original complaint, such that the Court would only consider the allegations in the recast complaint when conducting the preliminary review. ECF No. 6 at 8. Therefore, this order sets forth only the allegations from the recast complaint. Regardless, for the reasons stated in the order to recast, the allegations in Plaintiff's original complaint also did not state a claim for relief, and thus, even if the facts alleged therein were considered, dismissal for failure to state a claim would still be appropriate.

any facts connecting any of these individuals with his allegations. A district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

Moreover, Plaintiff does not sufficiently allege a violation of his constitutional rights to state a claim for relief. In particular, Plaintiff asserts that he was assaulted, but he does not say who assaulted him or what happened during the assault. *See* ECF No. 11 at 1. Plaintiff also does not assert that anyone was aware of a risk of harm to Plaintiff and disregarded that risk. Thus, he has not alleged facts showing that a state actor violated his constitutional or other federal rights with regard to the assault itself. *See Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

Plaintiff also states that he was taken to the hospital after the assault, so it does not appear from his allegations that anyone was deliberately indifferent to any serious medical needs he incurred during the assault. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). Plaintiff's allegation that he was denied showers when he was in the infirmary likewise does not establish a claim for deliberate indifference to Plaintiff's health or safety. *See Ellis v. Pierce Cnty., Ga.*, 415 F. App'x 215, 218 (11th Cir. 2011) (per curiam) (concluding that Plaintiff's allegation that he was denied showers

for up to two weeks at a time on several occasions did not satisfy the deliberate indifference standard).

Additionally, insofar as Plaintiff alleges that he was put into administrative segregation after filing grievances, Plaintiff may be attempting to assert that he was denied due process or that the act was done in retaliation. Plaintiff does not, however, allege any facts regarding who put him in administrative segregation, why he was purportedly put there, or how the conditions in administrative segregation differ from those in general population. Thus, he also has not stated a claim for denial of due process or for retaliation. *See Sandin v. Conner*, 515 U.S. 472, 476 (1995) (due process); *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (retaliation).

Finally, Plaintiff's allegations that his legal mail was held and that he was denied writing materials may be intended to assert a claim for denial of access to the courts. Plaintiff's allegations do not, however, state such a claim as Plaintiff does not allege facts showing that any of the named defendants were responsible for the failure to deliver his mail or for his not receiving writing materials. Moreover, Plaintiff does not allege facts to show that the failure to deliver his legal mail or provide him with writing materials was due to anything other than mere negligence. Although he says that he was "refused paper, pen, and envelopes," he does not provide any information regarding who withheld these items, what explanation he was given as to why he could not have them, or for how long he could not obtain them. Thus, his allegations do not state a claim for denial of access to

the courts. *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir. 2005); *Snyder v. Nolen*, 380 F.3d 279, 291 n.11 (7th Cir. 2004); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

III. Conclusion

Plaintiff was given an opportunity to recast his complaint to address the deficiencies in the original, but as set forth above, Plaintiff's recast complaint also does not state a claim for relief. Therefore, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**SO ORDERED**, this 11th day of September, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT